IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION
Civil Action No. 1:20-cv-578-LCB-JLW

| | |
|---|---|
| TIMOTHY KAPP,<br><br>      Plaintiff,<br><br>v.<br><br>BELK, INC. & BELK ECOMMERCE LLC<br><br>      Defendants. | **ANSWER** |

NOW COME DEFENDANTS Belk, Inc. & Belk Ecommerce LLC ("Defendants") by and through counsel, and respond to the allegations of Plaintiff's Complaint as follows:

1. Defendants admit that there is a website associated with the Belk brand. Defendants lack sufficient knowledge or information to form a belief as to the allegations that Plaintiff is a blind and visually-impaired person who requires screen-reading software to use and comprehend websites and, therefore, deny the same. Defendants deny the remaining allegations contained in Paragraph 1.

2. Defendants admit that the U.S. Department of Justice ("DOJ") has authority to enforce the ADA and promulgate regulations under Title III and that the cited DOJ filing speaks for itself. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 2.

1

3. Defendants admit only that Mr. Boyd's letter speaks for itself. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 3.

4. Defendants deny that they have received any notice that the Belk website is subject to the ADA or that any such rule is universally recognized among the various United States Circuit Courts. Defendants lack sufficient knowledge or information to form a belief as to the remaining allegations contained in Paragraph 4 and, therefore, deny the same.

5. Defendants admit the allegations contained in Paragraph 5.

6. The Defendants admit the allegations contained in Paragraph 6 as to Belk Ecommerce LLC ("Belk Ecommerce") and deny the allegations as to Belk, Inc.

7. Defendants deny the allegations contained in Paragraph 7.

8. Defendants admit that Plaintiff seeks a permanent injunction, but deny that Plaintiff is entitled to any relief. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 8.

8. Defendants deny the allegations contained in Paragraph 8.[1]

9. Defendants admit the allegations contained in Paragraph 9.

10. Defendants admit the allegations contained in Paragraph 10.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 and, therefore, deny the same.

---

[1] Defendants' numbering mirrors that used by Plaintiff's Complaint, which includes two Paragraphs denominated as number 8.

12. Defendants admit that Belk, Inc. is a Delaware corporation that operates a department store business with locations in 16 states. Defendants deny the remainder of Paragraph 12.

13. Defendants deny that Belk Ecommerce is a North Carolina corporation. Defendants admit the remainder of Paragraph 13.

14. Defendants deny the allegations contained in Paragraph 14.

15-16. Paragraphs 15 and 16 contain no factual allegations directed to Defendants and, therefore, require no response. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraphs 15 and 16 and, therefore, deny the same.

17. Defendants admit that some people with visual impairments use screen reading software to access information contained on the internet and that screen reading software sometimes uses audio output to communicate on-screen information. Defendants deny the remaining allegations contained in Paragraph 17.

18. Paragraph 18 contains no factual allegations directed to Defendants and, therefore, requires no response. To the extent a response is required, Defendants admit the allegations contained in Paragraph 18.

19. Defendants admit that website coding affects different screen readers' capacity to interpret the website. Defendants deny the remaining allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Whether Defendants are subject to Title III of the ADA is a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that physical Belk stores are places of public accommodation and deny the remaining allegations contained in Paragraph 20.

21. Defendants deny that the ADA requires a place of public accommodation to use any specific auxiliary aid or service, including accessible electronic and information technology, but rather delegates to places of public accommodation the authority to make the ultimate decision of which auxiliary aid or service to use in a given customer interaction. Defendants admit that the cited statutes and regulations speak for themselves. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 21.[2]

22. Defendants deny the allegations contained in Paragraph 22.

23. Whether Defendants are subject to Title III of the ADA is a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that physical Belk stores are places of public accommodation subject to Title III of the ADA.

24. Defendants admit that the Belk website allows customers to shop for goods online, purchase items, and make arrangements to pick those items up at a certain store location or have them delivered to their homes in certain instances. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the

---

[2] Defendants' numbering mirrors that used by Plaintiff's Complaint, which includes two Paragraphs denominated as number 21.

4

remaining allegations contained in Paragraph 24, consisting of Plaintiff's subjective characterizations, and, therefore, deny the same.

25-29. Paragraphs 25 through 29 contain no factual allegations directed to Defendants and, therefore, require no response. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the subjective assertions and arguments contained in Paragraphs 25 through 29 and, therefore, deny the same.

30. Defendants admit that the website allows for contactless pick up. Defendants deny the remaining allegations contained in Paragraph 30.

31. It is admitted that the Belk website offers coupons to discount the purchase price of various products and product categories, some of which may only be used online. Defendants deny the remaining allegations contained in Paragraph 31.

32. Paragraph 32 contains no factual allegations directed to Defendants and, therefore, requires no response. To the extent a response is required, Defendants admit that the Belk website offers certain discounts and deny the remaining allegations contained in Paragraph 32, consisting of Plaintiff's subjective assertions and arguments, for lack of sufficient knowledge or information to form a belief as to their truth or falsity.

33. Defendants admit that their return policy permits items purchased online to be returned to a physical store. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 33, consisting of Plaintiff's subjective assertions and arguments, and, therefore, deny the same.

5

34. Paragraph 34 constitutes a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 34.

35. Defendants deny that there are inaccessible features and content on the Belk website that impede access to the goods and services the Defendants offer. The remaining allegations contained in Paragraph 35 constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 35.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 and, therefore, deny the same.

37. Defendants admit the allegations contained in Paragraph 37.

38. It is admitted that Belk sometimes has prices that are lower than the prices offered by its competitors. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 38 and, therefore, deny the same.

39. Defendants deny that blind individuals are unable to navigate a website using a mouse or track pad and that the sole output produced by screen reading software is synthesized speech. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 39 and, therefore, deny the same.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny that the Belk website is not navigable by users with visual impairments. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 41 and, therefore, deny the same.

42. Defendants admit the allegations contained in Paragraph 42.

43-45. Defendants deny the allegations contained in Paragraphs 43 through 45.

46. Defendants admit that they do not have a formal "Web Accessibility Committee," but instead have a cross-functional team that addresses any website accessibility issues that arise. Defendants also have a third-party vendor, UsableNet, responsible for the Belk site's accessibility.

47-50. Defendants deny the allegations contained in Paragraphs 47 through 50.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF
### (Violation of the Americans with Disabilities Act)

51. Defendants incorporate by reference their responses to the preceding paragraphs.

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants admit only that the cited statute speaks for itself. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 53.

54. Defendants admit only that the cited statute speaks for itself. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 54.

55. Paragraph 55 constitutes a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 55.

56. Paragraph 56 constitutes a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in Paragraph 56.

57-61. Defendants deny the allegations contained in Paragraphs 57 through 61.

62. Defendants lack sufficient knowledge or information on which to form a belief as to the truth or falsity of the allegation that Plaintiff is blind and, therefore, deny the same. Defendants deny the remaining allegations contained in Paragraph 62.

63-64. Defendants deny the allegations contained in Paragraph 63 through 64.

65. Paragraph 65 contains no factual allegations that require a response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 65.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

The Court lacks subject matter jurisdiction over this matter, because Plaintiff's conclusory, vague allegations do not establish that he has suffered an injury redressable by the ADA and, therefore, that he has standing.

## SECOND AFFIRMATIVE DEFENSE
### (Mootness)

The Court lacks subject matter jurisdiction over this matter, because Plaintiff's claims were mooted, pre-suit, by Belk's substantial investment in conforming its website to the Web Content Accessibility Guidelines.

## THIRD AFFIRMATIVE DEFENSE
### (Fundamental Alteration; Not Readily Achievable; Undue Expense)

To the extent the Belk website is not accessible, which is expressly denied, any alterations required to comply with Plaintiff's demands would require a fundamental alteration in Defendants' website, would not be readily achievable, and would result in undue expense.

For all these reasons, Defendants pray that the Court grant the following relief:

1. That all relief requested in Plaintiff's Complaint be denied;

2. That the costs of this action be taxed against Plaintiff; and

3. For such other and further relief as this Court deems just and proper.

Respectfully submitted, this 26th day of August, 2020.

*/s/ James A. Dean*
James A. Dean (N.C. Bar No. 39623)
Womble Bond Dickinson (US) LLP
One West Fourth Street, Suite 1200
Winston-Salem, NC 27101
Tel: (336) 721-3593
Email: jamie.dean@wbd-us.com

*Attorney for Defendants*